# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Docket no. 2:18-cr-00063-GZS |
| YEHUDI PARDO, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss (ECF No. 422), which seeks dismissal of Count 19 of the Superseding Indictment (ECF No. 82). For reasons that follow, the Court DENIES the Motion.

Count 19 charges that on or about February 25, 2018, Defendant Yehudi Pardo attempted to possess marijuana with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(D). Via the pending motion, Pardo argues that the Government lacks the evidence to prove this attempt charge and that the Court should therefore dismiss this count of the Superseding Indictment.

"An indictment . . . need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (internal quotations and citations omitted). When a defendant moves to dismiss an indictment, "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged

offense." Id. In answering this question, the First Circuit has urged " a common-sense reading of the indictment's allegations." Id. at 375.

Adopting this common-sense approach, the Court readily concludes that Count 19 adequately informs Pardo of the elements and nature of the charge.[1] Indeed, the arguments and proffers in Defendant's Motion make it clear that he understands that Count 19 is charging him with attempted possession with intent to distribute marijuana. But, he disputes whether the Government's evidence will "establish that the defendant took a substantial step towards the commission of the substantive offense." (Def. Motion (ECF No. 422), PageID # 1329.) In opposing Defendant's Motion, the Government acknowledges that it will need to prove Pardo's actions constituted a "substantial step" and proffers that they are prepared to do so at trial. (Gov't Response (ECF No. 446), PageID # 1382-83 (citing United States v. Dworken, 855 F.2d 12 (1st Cir. 1988)).) At this stage of the proceedings, the Court cannot and will not comment on the sufficiency of this proffer or the evidence generally. However, the Court finds no basis to dismiss Count 19 based on the arguments contained in Defendant's Motion to Dismiss and the cases cited therein.

Therefore, the Court hereby DENIES Defendant's Motion to Dismiss.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of September, 2019.

---

[1] The Court notes that for the count in question, the Superseding Indictment fails to cite 21 U.S.C. § 846. This omission alone does not provide a basis for dismissal of Count 19. See Fed. R. Crim. P. 7(c)(2); see also United States v. Buchanan, 574 F.3d 554, 565–66 (8th Cir. 2009) (affirming conviction over defendant's argument that indictment failed to state an attempt offense by omitting a citation to 21 U.S.C. § 846).